UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH D. JOHNSON,

    Plaintiff,

    v.

LOUIS MANZO, *et al.*,

    Defendants.

Civil Action No. 18-2608 (BAH)

Chief Judge Beryl A. Howell

**MEMORANDUM OPINION AND ORDER**

    Keith Johnson, a D.C. prisoner proceeding *pro se*, filed this "Malicious Prosecution" action against the former United States Attorney for the District of Columbia and an Assistant United States Attorney ("AUSA"), alleging in a single paragraph that they allowed presentment to the grand jury of perjured or inconsistent testimony by grand jury witnesses, and seeking "$170,000,000.15" in damages. Compl. at 1, 3, ECF No. 2-1. Following removal of this action from Superior Court, *see* Notice of Removal, ECF No. 2, the government filed the pending Motion to Dismiss, ECF No. 5, on grounds, *inter alia*, that this Court lacks jurisdiction and failure of the plaintiff to exhaust his administrative remedies.[1]

    After the *pro se* plaintiff was advised of his obligations under the Federal Rules of Civil Procedure and this Court's Local Civil Rules to file an opposition, and of the consequences of his failure to oppose the government's motion, *see* Order at 1–2, ECF No. 6 (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992), and *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988)),

---

[1] Since the government's motion is resolved on the two referenced grounds, the remaining proffered bases for why the plaintiff's claim should be dismissed, including (1) the doctrine of derivative jurisdiction; (2) insufficient service; (3) failure to state a viable claim for malicious prosecution; and (4) *Heck v. Humphrey*, 512 U.S. 477 (1994), need not be addressed.

1

the plaintiff responded with three brief handwritten letters, approximately six pages in total, attaching records from the criminal case against him in D.C. Superior Court that resulted in his conviction, and documents discussing several areas of the law. *See* Letter from Pl. (undated) ("Pl.'s First Response"), ECF No. 7 (sealed); Letter from Pl. (Dec. 2, 2018) ("Pl.'s Second Response"), ECF No. 9 (sealed); Letter from Pl. (Dec. 14, 2018) ("Pl.'s Third Response"), ECF No. 10.[2] For the reasons discussed below, the government's motion to dismiss is granted.

## I. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of demonstrating the Court's jurisdiction over the claims asserted. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). Absent subject matter jurisdiction over a case, the action must be dismissed. *See* FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). If a defendant files a motion to dismiss on multiple grounds, as the government has here, "threshold questions," such as subject matter jurisdiction, are examined first. *Anderson v. Carter*, 802 F.3d 4, 8 (D.C. Cir. 2015).

## II. DISCUSSION

The government has certified that the plaintiff's claim of "Malicious Prosecution" concerns actions by the former United States Attorney and an AUSA that fall "within the scope of their employment as employees of the United States at the time of the alleged incident." Gov't's Certification at 1, ECF No. 2-2. Thus, pursuant to the Westfall Act, 28 U.S.C. §

---

[2] The D.C. Superior Court records include the plaintiff's indictment, transcripts of grand jury witness testimony annotated by the plaintiff, an arrest affidavit, a plea offer letter, and a letter from the plaintiff to the D.C. Superior Court judge presiding over his criminal case. *See* Pl.'s First Response at 2–37; Pl.'s Second Response at 3–4, 6–16, 38–47, 56–57; Pl.'s Third Response at 4. The documents discussing the law include a copy of D.C. Code § 22-2402 ("Perjury"), a treatise reviewing, *inter alia*, the *Brady* doctrine, a section of *United States v. Agurs*, 427 U.S. 97 (1976), and a copy of the Fourteenth Amendment to the United States Constitution. *See* Pl.'s Second Response at 5, 17–37, 48–55, 58–59; Pl.'s Third Response at 5. These attachments have little bearing on the substance of the government's motion.

2679(d), the United States "shall be substituted as the party defendant." *See Wasserman v. Rodacker*, 557 F.3d 635, 638–39 (D.C. Cir. 2009) (explaining that in a "tort case against a federal employee" removed from D.C. Superior Court, "the United States will be substituted as the party defendant" upon the government's certification, pursuant to 28 U.S.C. § 2679(d)). Following a Westfall Act substitution in a tort action, "the suit is governed by the Federal Tort Claims Act ('FTCA')." *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009).[3] The FTCA permits an action against the United States for certain torts only in certain circumstances. *See* 28 U.S.C. § 2680(h).

The government argues that jurisdiction over the plaintiff's FTCA claim is lacking because (1) the government has not waived its sovereign immunity; and (2) the plaintiff failed to exhaust his administrative remedies. Each argument is discussed in turn.

First, the government asserts that this action should be dismissed because the plaintiff's malicious prosecution claim is "barred by the doctrine of sovereign immunity." Gov't's Mem. Supp. Mot. Dismiss ("Gov't's Mem.") at 6, ECF No. 5-1. Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA is an example of a waiver of the federal government's immunity, albeit with limitations

---

[3] The plaintiff's Complaint indicates that his claim sounds in tort, *see* Compl. at 3, even though aspects of the plaintiff's submissions suggest that he also may be asserting a constitutional claim. *See, e.g., id.* at 1 (alleging *Brady* violation); Pl.'s Second Response at 1 (claiming failure to disclose allegedly perjured testimony and citing *United States v. Agurs*, 427 U.S. 97, 103 (1976)); Pl.'s Third Response at 2 (asserting denial of "equal protection of the laws under the Constitution"). To the extent that the plaintiff is seeking to assert a constitutional claim, this effort fails. "Federal constitutional claims for damages are cognizable only under [*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] against individual governmental officials personally," *Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016); *see also id.* (distinguishing FTCA claims, which "provide[] a method to enforce state tort law against the federal government" from *Bivens* constitutional claims against individual federal officers). The plaintiff may not proceed via *Bivens*, however, because a prosecutor's "failure, be it knowing or inadvertent, to disclose material exculpatory evidence before trial . . . falls within the protection afforded by absolute prosecutorial immunity." *Moore v. Valder*, 65 F.3d 189, 194 (D.C. Cir. 1995).

and exceptions. Most pertinent here, the FTCA does not waive sovereign immunity for a "claim arising out of . . . malicious prosecution," unless that tort was committed by "investigative or law enforcement officers of the United States Government, . . .who [are] empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h); *see also Moore v. United States*, 213 F.3d 705, 708 (D.C. Cir. 2000) ("Under the FTCA . . . claims of malicious prosecution . . . can only arise from the conduct of 'investigative or law enforcement officers of the United States government.'" (citing 28 U.S.C. § 2680(h)).

Here, the FTCA does not waive sovereign immunity for the plaintiff's malicious prosecution claim, based on the alleged conduct of the former United States Attorney and an AUSA because neither are "investigative or law enforcement officers" within the meaning of the FTCA. *See Moore*, 213 F.3d at 710 (explaining that "none" of a federal prosecutor's "conduct can be the basis for a malicious prosecution claim against the government" because a prosecutor is not an "investigative or law enforcement officer" under § 2680(h)); *Hobley v. United States*, No. 07-cv-253 (JDB), 2007 WL 1821157, at *3 (D.D.C. June 25, 2007) ("[F]ederal prosecutors, including assistant United States attorneys, are generally not considered 'investigative or law enforcement officers.'" (citing, *inter alia*, *Moore*, 213 F.3d at 710)). Accordingly, the plaintiff's claim is not cognizable under the FTCA and is barred by sovereign immunity.

Second, the government correctly points out that even if the plaintiff's claim were not barred by sovereign immunity, the Complaint must be dismissed "for failure to exhaust administrative remedies." Gov't's Mem. at 4. "In order to maintain an action under the FTCA, plaintiff must have exhausted his administrative remedies by 'first present[ing] the claim to the appropriate Federal agency . . . .'" *Mallory v. U.S. Dep't of Housing & Urban Devel.*, No. 13-cv-0367 (CKK), 2014 WL 775258, at *1 (D.D.C. Feb. 26, 2014) (quoting 28 U.S.C. § 2675(a)).

In this case, the plaintiff never filed an administrative tort claim claim with the U.S. Attorney's Office for the District of Columbia. *See* Gov't's Mem., Ex. B, Decl. of Daniel F. Van Horn, Chief, Civil Division, USAO D.C., ¶ 5, ECF No. 5-2. The plaintiff's failure to exhaust creates a jurisdictional defect, and as a result, dismissal is required. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

### III. CONCLUSION AND ORDER

Upon consideration of the government's Motion to Dismiss, ECF No. 5, the memoranda, exhibits, and declarations submitted in support of, and opposition to, the pending motion, and the entire record herein, for the reasons set forth in in this Memorandum Opinion and Order, it is hereby

**ORDERED** that the government's Motion to Dismiss, ECF No. 5, is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED**.

Date: April 2, 2019

*This is a final and appealable order.*

_____
BERYL A. HOWELL
Chief Judge